IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

v.

Criminal No. 10-50060-001

RIGOBERTO CHAVEZ-CUEVAS              DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On July 1, 2014, Defendant filed a pro se **Motion to Compel Specific Performance (Doc. 64)**. At the Court's direction, the Government filed a Response on July 30, 2014 (Doc. 66). The undersigned, being well and sufficiently advised, finds and recommends as follows with respect thereto:

On August 30, 2010, Defendant pled guilty, pursuant to a written plea agreement (Doc. 27), to conspiring to distribute more than 50 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § § 841(a)(1), 841(b)(1)(B)(viii) and 846. Prior to Defendant's sentencing hearing, the Government filed a motion for a downward departure pursuant to U.S.S.G. § 5K1.1, seeking a two-level reduction in Defendant's offense level based upon Defendant's substantial assistance leading to the indictment of two other individuals. (Doc. 34.) The Court granted the 5K1.1 motion and, on January 21, 2011, a judgment was entered sentencing Defendant to 192 months imprisonment, 5 years supervised release (with deportation anticipated), a $40,000.00 fine, and a $100.00 special assessment. (Doc. 40.) The Eighth Circuit Court of Appeals affirmed Defendant's sentence on August 16, 2011 (Doc. 56).

On October 16, 2013, the Government filed a motion to reduce Defendant's sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. The Government moved for a three-level reduction, reducing Defendant's sentence from 192 months to 135 months, based upon Defendant's cooperation and assistance leading to the conviction of Arles Velasquez. (Doc. 58.) The Court granted the motion and, on October 29, 2013, entered an amended judgment reducing Defendant's sentence to 135 months imprisonment. (Docs. 59, 60.)

In the motion now before the Court, Defendant asserts that the Government promised to move for a three-point reduction for his assistance against Miguel Ortega, and a three-point reduction for his assistance against Arlez Velasquez. Defendant asserts that he only received the two-point reduction and not the other three-point reduction and he seeks specific performance of the Government's promise.

The undersigned sees no merit to Defendant's motion. As the Government points out, the plea agreement specifically provided that the Government did not promise to file a 5K1.1 motion or a Rule 35 motion (Doc. 27 ¶ 24). More importantly, the Government did, in fact, exactly what Defendant asserts it promised to do - - the Government filed two motions to reduce, resulting in a 5-level reduction in Defendant's offense level. It appears that, perhaps, Defendant filed the instant motion because he did not receive a copy of the Government's Rule 35 motion, the order granting it or a copy of the amended judgment reducing his sentence. **The District Court Clerk is hereby directed to mail a copy of these documents (Docs. 58, 59, 60) to the Defendant.**

Based on the foregoing the undersigned recommends that Defendant's **Motion to Compel Specific Performance (Doc. 64)** be denied. **The parties have fourteen days from receipt of**

our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 23rd day of September, 2014.

                                                             /s/ *Erin L. Setser*
                                                             HON. ERIN L. SETSER
                                                             UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)